UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY CLAY,

          Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 11-cv-5353-JRC

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 8.) This matter is before the Court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412, (the "EAJA") (see ECF No. 24.) Defendant has filed a Response indicating "no objection" to plaintiff's fee request (see ECF No. 27).

1     After considering and reviewing the record, the Court finds that plaintiff's requested fees
2 are reasonable and his motion should be granted.

3 PROCEDURAL HISTORY

4     In May, 2011, plaintiff filed a Complaint in this Court seeking judicial review of the
5 written decision by the Administrative Law Judge finding that plaintiff was not disabled pursuant
6 to the Social Security Act (see ECF No. 3). After plaintiff filed his Opening Brief (see ECF No.
7 17), defendant filed a stipulated motion requesting that this matter be reversed and remanded to
8 the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C.
9 § 405(g) (see ECF No. 21, p. 1). On November 17, 2011, this Court granted defendant's motion
10 and ordered that this matter be reversed and remanded (see ECF Nos. 22, 23). On January 13,
11 2012, plaintiff filed a motion for attorney's fees, seeking $4,487.75 in fees (see ECF No. 24, pp.
12 3-4). On January 23, 2012, defendant filed a Response in which he indicated that he had "no
13 objection" to plaintiff's request (see ECF No. 27, p. 1).

14 STANDARD OF REVIEW

15     In any action brought by or against the United States, the Equal Access to Justice Act
16 ("the EAJA") allows reimbursement to "a prevailing party other than the United States [of] fees
17 and other expenses . . . . unless the court finds that the position of the United States was
18 substantially justified or that special circumstances make an award unjust." 28 U.S.C. §
19 2412(d)(1)(A).

20
21     According to the U.S. Supreme Court, "the fee applicant bears the burden of establishing
22 entitlement to an award and documenting the appropriate hours expended." Hensley v.
23 Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions
24 were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert.*

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 2

1 *denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing* Flores v. Shalala, 49 F.3d
2 562, 569-70 (9th Cir. 1995)).  The Court has an independent duty to review the submitted
3 itemized log of hours to determine the reasonableness of hours requested in each case. See
4 Hensley, supra, 461 U.S. at 433, 436-37.

5                                                       DISCUSSION

6          Plaintiff requests attorney's fees in the amount of $4,487.75 (see ECF No. 24, pp. 3-4).
7 Here, plaintiff was the prevailing party as he received a remand of the matter to the
8 Commissioner and as he received judgment in his favor (see Order Granting Stipulated Motion
9 for Remand, ECF No. 22, p. 2). See also 28 U.S.C. § 2412(d)(1)(A). In addition, based on the
10 stipulation of the parties and based on the relevant record, the Court concludes that the
11 government's position in this matter was not substantially justified. See 28 U.S.C. §
12 2412(d)(1)(A). Based on the relevant record, the Court also concludes that no special
13 circumstances make an award of attorney's fees in this matter unjust. See id. Therefore, all that
14 remains is to determine whether or not the requested fee is reasonable. See id.; see also Hensley,
15 supra, 461 U.S. at 433, 436-37.

16         Given the excellent results obtained by plaintiff, and based on a review of the relevant
17 record, including plaintiff's Itemization of Hours Expended (see ECF No. 24, Attachment 2), the
18 Court concludes that twenty five hours were expended reasonably on this matter and that the
19 requested rate of $179.51, as adjusted for increases in the cost of living for 2011, also is
20 reasonable. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th
21 Cir. 2005); see also Cudia v. Astrue, 2011 U.S. Dist. LEXIS 148366 at *10-*11 (E.D. Cal.
22 2011). Therefore, the Court finds that plaintiff's request for $4487.75 in attorney's fees is
23 reasonable.
24

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 3

CONCLUSION

Based on a review of the relevant record, the Court concludes that the requested EAJA award of $4,487.75 in attorney's fees in reasonable and is based on hours reasonably expended.

Therefore, the Court **ORDERS** that EAJA attorney's fees in the amount of $4,487.75 be awarded to plaintiff in accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees should be made payable to plaintiff's attorney, Sherri Allen, Esq., based on assignment of the attorney's fee award by plaintiff to his attorney (see Supplemental Exhibit to Motion for Attorney's Fees, ECF No. 25). The same procedure should be followed for any remainder following any offset. Any check for EAJA fees should be mailed to plaintiff's attorney at Sherri Allen, Esq., P.O. Box 2209, Bremerton, WA 98310.

Dated this 13th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge